IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNA IANNONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-710 |
| ) | |
| J.C. PENNEY COMPANY, ) | Judge Lancaster |
| J.C. PENNEY CORPORATION tdba ) | Magistrate Judge Hay |
| J.C. PENNEY, FURNITURE BRANDS ) | |
| INTERNATIONAL, INC., LANE ) | |
| FURNITURE INDUSTRIES, INC., ) | |
| ACTION INDUSTRIES, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Defendants filed Joint Motions for Preclusion of Expert Testimony and for Summary Judgment in this case, arguing that Plaintiff has failed to produce any evidence that the chair as described in the Complaint, that is, a Lane Comfort King recliner, is the actual chair involved in the alleged incident.  Further, Defendants argued that there is no evidence of record, including a required expert opinion, that the chair was defective or in a dangerous condition and that it was the legal cause of Plaintiff's alleged injuries.  In response, Plaintiff's counsel moved for clarification of the Court's previous Orders concerning the timing of the disclosure of expert reports or, alternatively, for an enlargement of time to secure the written report from experts Plaintiff had consulted.  This Court denied the motion for clarification but permitted Plaintiff a brief amount of time to secure the reports and file her Response in opposition to the Defendants' motions.  Plaintiff filed her Response and expert reports on November 9, 2006.

In Reply, the Defendants noted, *inter alia*, that their examination of the chair in Plaintiff's possession revealed that the chair is not, in fact, a Lane Comfort King, as alleged by

Plaintiff. Defendants noted that inasmuch as they had previously argued that Plaintiff had failed to provide testimony or evidence that the chair as described in the Complaint is the actual chair involved in the incident, and inasmuch as Plaintiff's expert, David J. Bizzak, Ph.D., P.E., relied on literature for and assumed the chair to be a Lane Comfort King, Plaintiff had not created any genuine issue of material fact through her Response. Defendants attached an Affidavit from Mike Smith, Quality Control Manager at Lane Furniture Industries, Inc., as support.

Thereafter, Plaintiff moved the Court for permission to file a Sur-Reply and to depose Mr. Smith claiming that the matters addressed by Mr. Smith's Affidavit had not been addressed in the Defendants' motion for summary judgment. This Court granted the Plaintiff's motion by Order dated December 7, 2006, without obtaining any response to said motion from the Defendants.

Defendants have now moved this Court for reconsideration. In support, Defendants have pointed out that Mike Smith, the representative from Lane Furniture Industries whose Affidavit is attached to their Reply, traveled to Pittsburgh from Tupelo, Mississippi, and on October 31, 2005, inspected and photographed the alleged chair at issue in Plaintiff's home in the presence of Plaintiff's counsel. Accordingly, it would appear that Plaintiff was well aware of Mr. Smith's identity and of his personal inspection of the chair long before the summary judgment motion or any reply was ever filed. Further, it appears that Plaintiff did not seek any discovery, including depositions, from anyone -- including Mr. Smith -- from the named Defendants and discovery has been closed since July 29, 2006. This Court can now find no reason why Plaintiff should be permitted to depose, at this late date, an individual whose identity and actions were known to her throughout the entire discovery period.

Accordingly, this 20th day of December, 2006, IT IS HEREBY ORDERED that the Defendants' Motion for Reconsideration (doc. 34) is GRANTED. Upon reconsideration, IT IS HEREBY ORDERED that the Order of Court (doc. 33) entered on December 7, 2006, is VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Sur-Reply (doc. 32) is GRANTED in part: Plaintiff shall have until January 12, 2007, to file any Sur-Reply; her motion is DENIED in all other respects.

/s/   Amy Reynolds Hay
United States Magistrate Judge

cc:   Monte J. Rabner, Esquire
Fred G. Rabner, Esquire
429 Fourth Avenue
800 Law & Finance Building
Pittsburgh, PA 15219

Jeffrey M. Olszewski, Esquire
Chester A. Dudzinski, Esquire
Cipriani & Werner
640 Washington Road
Suite 700
Pittsburgh, PA 15228

Walter A. McClatchy, Jr., Esquire
Walter A. McClatchy, Jr. & Associates
6454 Market Street
Upper Darby, PA 19082